IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Criminal Case No. 19-cr-00403-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. EDGAR ABRAHAM ESQUIVEL-TECALCO,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION
TO EXCLUDE 45 DAYS FROM THE SPEEDY TRIAL ACT**

---

This matter is before the Court on the Defendant's Unopposed Motion to Exclude 45 Days from the Speedy Trial Act (the "Motion") (ECF No. 14). The Defendant's Motion requests a 45-day ends of justice continuance of the deadlines under the Speedy Trial Act, 18 U.S.C. § 3161. For the following reasons, the Motion is GRANTED.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Among the authorized delays, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice

served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the

> defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). The Court has discharged these duties.

The Defendant's Motion describes the various factors that he believes necessitate the exclusion of an additional 45 days in this case, and the Court adopts and incorporates those facts herein.

Defendant has been charged by Indictment with a serious felony - Possession with Intent to Distribute Methamphetamine. The charge is the result of a traffic stop and alleged consensual search of a vehicle registered to and driven by the Defendant. On October 4, 2019, defense counsel received the initial batch of discovery compromised of approximately 113 pages of law enforcement reports, 80 photographs, and dash camera footage. Counsel has reviewed all paper discovery and photographs but has not yet reviewed the dash camera footage. Although the

discovery is not voluminous, counsel requires time to research suppression issues related to the validity and legality of the traffic stop. Defense counsel also needs additional time to conduct investigation and to interview witnesses. Much of this investigation will need to be done in California, which is where the vehicle was purchased and where defendant was employed. Many of the witnesses are Spanish speakers requiring the assistance of an interpreter for these interviews,.

The Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*,627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007)*.*

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial

preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

(3)  Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1)  Defendant's Unopposed Motion to Exclude 45 Days from the Speedy Trial Act (ECF No. 14) is GRANTED;

(2)  **The 70-day clock, exclusive of tolled time, shall accordingly be extended from December 10, 2019 to January 24, 2020**;

(3)  The current Trial date and all pretrial deadlines and settings are hereby **VACATED**. The **four-day** jury trial is RESET for **January 21, 2020**. On the first day of trial, counsel shall be present at **8:30 a.m.** The Trial Preparation Conference is RESET for **January 10, 2020** at **3:30 p.m.** Lead counsel who will try the case shall attend in person. Defendant is also required to be present; and

(4)  Defendant shall have to and including **November 25, 2019** to file pretrial motions and responses to these motions shall be filed by **December 3, 2019**.

Dated this 21st day of October, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge